IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

Case No. 4:26-CV-01572

SCIENCE PHOTO LIBRARY, LTD.,

Plaintiff,

v.

NPN ENVIRONMENTAL ENGINEERS, INC.,

Defendant.

---

## COMPLAINT

Plaintiff Science Photo Library, Ltd. ("Plaintiff") sues defendant NPN Environmental Engineers, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a private limited liability company with its principal place of business located at 87 Lancaster Road, London, W11 1QQ United Kingdom.

2. Defendant is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located at 1631 Headland Drive, Fenton, MO 63026. Defendant's agent for service of process is Lisa M. Adams, 120 S Central Ave, Ste 1500, Saint Louis, MO 63105.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "In construing that section, courts have generally held that a defendant may be 'found' in any district in which personal jurisdiction may be obtained over the defendant." Infogroup Inc. v. Office Depot, No. 8:20CV109, 2020 U.S. Dist. LEXIS 212227, at *16 (D. Neb. Nov. 13, 2020). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Since 1979, Plaintiff and its team of professional contributor photographers have worked towards being a leading source of high quality scientific and medical stock images and videos for customers worldwide. From using scanning electron microscopes and transmission electron microscopes to magnify the structures of cells or satellites and telescopes to capture images of Earth and the solar system, Plaintiff provides colorful photographs of the natural world using technology and techniques not available to the general public, filling a niche area of photography that its customers are looking for.

7. Plaintiff's imagery is distributed and used around the world in print and broadcast media, in the creative landscape, and across the web. It illustrates magazines, newspapers, books, television programs, advertising campaigns, and corporate literature.

8. Such content is offered for license on Plaintiff's website


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

(https://www.sciencephoto.com/). Plaintiff's library of images encompasses all aspects of science and health and its impact in everyday life. It keeps up to date with technological advances through its relationships with researchers, photographers, and illustrators in all fields of science and medicine.

## II. The Work at Issue in this Lawsuit

9. Dennis Kunkel Microscopy, Inc. is one of the many photographers represented by Plaintiff.

10. Dennis Kunkel Microscopy, Inc. explores the extraordinary microworld invisible to the naked eye. Its collection of nearly 23,000 images featuring biological and medical photomicrographs, taken with light or electron microscopes, are distinguished by range, high quality, and the amount of information they convey, representing a comprehensive microscopy collection. Dennis Kunkel Microscopy, Inc.'s images appear worldwide in print, film, and digital media such as Time magazine, Scientific American, The New York Times, Life, and National Geographic. Its work can be viewed on Plaintiff's website (at https://www.sciencephoto.com/dennis-kunkel-microscopy-collection).

11. Dennis Kunkel Microscopy, Inc. created a professional photograph of an acellular slime mould sporangium taken with a scanning electron microscope (with Plaintiff's internal reference name being "12300409") (the "Work"). Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding U.S. Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

12. The Work was registered by Dennis Kunkel Microscopy, Inc. with the Register of Copyrights and was assigned a registration number thereby. A true and correct copy of the


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "B."**

13. Dennis Kunkel Microscopy, Inc. is the owner of the Work and has remained the owner at all times material hereto.

14. For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such above-named photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## III. Defendant's Unlawful Activities

15. Defendant owns and operates a multi-service environmental engineering and consulting firm.

16. Defendant advertises/markets its business through its website (https://npnenv.com/), social media (e.g., https://www.facebook.com/NPNEnvironmentalEngineers), and other forms of advertising.

17. In June 2017 (after Dennis Kunkel Microscopy, Inc.'s above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

18. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

19. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

20. Defendant utilized the Work for commercial use.

21. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

22. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2025. Following such discovery, Plaintiff notified Defendant in writing of such unauthorized use.

23. All conditions precedent to this action have been performed or have been waived.

## **COUNT I – COPYRIGHT INFRINGEMENT**

24. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as set forth above.

25. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

26. Dennis Kunkel Microscopy, Inc. owns a valid copyright in the Work, having registered the Work with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-described exclusive rights to reproduce and distribute the Work by the subject photographer(s) and/or registered the Work with the Register of Copyrights in Plaintiff's name).

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

29. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2023 NPN Environmental Engineers, Inc."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for the photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: October 1, 2026.

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.